**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Roger WORTHY, Defendant–Appellee.**

**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Oscar Delane SIMPKINS,**
**Defendant–Appellee.**

**Nos. 89–9009, 89–9016.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 30, 1990.

---

Jonathan J. Wroblewski, Louise A. Lerner, Crim. Section, Civ. Rights Div., U.S. Dept. of Justice, Washington, D.C., for the U.S.

G. Russell Wright, Cordele, Ga., for Roger Worthy.

G. Russell Wright, Cordele, Ga., for Oscar Delane Simpkins.

Before FAY and JOHNSON, Circuit Judge, and ALLGOOD *, Senior District Judge.

FAY, Circuit Judge:

This case presents the question of whether the defendants' act of burning a cross in the yard of a black neighbor constitutes the use of fire in the commission of a federal felony, for purposes of application of the United States Sentencing Guidelines. We hold that it does.

*Factual and Procedural History*

Defendants Roger R. Worthy and Oscar D. Simpkins entered plea agreements whereby they pled guilty to identical one-count informations charging them with conspiracy to interfere with civil rights under 18 U.S.C. § 241. Both defendants were charged for their participation in a cross-burning at the residence of a black family, the Lesters, in Cordele, Georgia. As stipulated in their plea agreements, the defendants sought to intimidate the Lester family by setting fire to a cross placed outside of the Lester home.[1]

The defendants were charged with conspiracy to interfere with civil rights under 18 U.S.C. § 241.[2] As part of their plea

---

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. At the time of the incident the Lester family was in the process of moving into the home, located in a primarily white neighborhood.

2. That section makes it a crime for two or more persons to
 conspire to injure, oppress, threaten, or intimidate any inhabitant of any State, Territory, or District in the free exercise of enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same.

18 U.S.C. § 241 (1988). More specifically, the defendants' plea agreements stipulated that they conspired and agreed to injure, oppress, threaten and intimidate Mae Jo Lester and her four children, all black citizens of the United States, in the free exercise and enjoyment of a right secured to them by the Constitution and laws of the United States, that is, the right to rent, lease, purchase, occupy and hold a dwelling without injury, intimidation or interference because of their race or color. (WR1–3–6 to 7, SR1–4–6 to 7).

agreements, the United States and the defendants stipulated that the base offense level for the conspiracy to which the defendants pled guilty would be 17. The figure 17 was arrived at by combining the base offense level for conspiracy to violate civil rights[3] with the base offense level for criminal conduct underlying that conspiracy. In this case the offenses underlying the conspiracy were two in number: the use of fire in the commission of a federal felony,[4] and the use of force or threat of force to deny benefits or rights in furtherance of discrimination.[5] The base offense level of 13 for the use of fire in the commission of a federal felony, when combined with a level of 2 for each underlying offense, resulted in a final base offense level of 17.[6]

The district court rejected the stipulated base offense level of 17, in part on the ground that the criminal conduct underlying the defendants' conspiracy did not include the use of fire in the commission of a federal felony under section 2K1.4 of the Sentencing Guidelines. As a result, the district court refused to apply the base offense level for the use of fire in the commission of a federal felony, under section 2K1.4(b)(4) of the Guidelines, in conjunction with the base offense level for the conspiracy to interfere with civil rights under section 2H1.2(a)(2). In addition, the court refused to apply the base offense level for the use of force or threat to deny benefits or rights in furtherance of discrimination, under section 2H1.3 of the Guidelines, in conjunction with the base offense level for the conspiracy to interfere with civil rights under section 2H1.2(a)(2). The court concluded that the alternate base offense level of 13 for conspiracy to interfere with civil rights, under section 2H1.2(a)(1), instead applied.

*Applicability of section 2K1.4*

 In rejecting the applicability of section 2K1.4(b)(4)[7] to the criminal conduct underlying the defendants' conspiracy, the district court apparently reasoned that section 2K1.4 must be read to apply only to crimes that fall under the heading of arson.[8] We disagree. Because the interpretation of the United States Sentencing Guidelines is similar to statutory interpretation, the district court's reading of the Guidelines is subject to de novo review on

---

**3.** The Sentencing Guidelines provide that the base offense level for conspiracy to interfere with civil rights is the greater of 13 or 2 plus the offense level applicable to any underlying offense. U.S.S.G. § 2H1.2(a) (1989).

**4.** The Sentencing Guidelines provide that for arson or property damage by use of explosives, the base offense level is 6. That level is increased by 7 levels, however, "[i]f the defendant used fire or an explosive to commit another offense that is a felony under federal law." Thus, the offense level for use of fire in the commission of a federal felony is 13. U.S.S.G. § 2K1.4(a), (b)(4) (1989).

**5.** The Sentencing Guidelines further provide that for the use of force or threat of force to deny benefits or rights in furtherance of discrimination the base offense level is 2 plus the offense level applicable to any underlying offense. U.S.S.G. § 2H1.3(a) (1989).

**6.** The offense levels as applied from each section of the Sentencing Guidelines may be illustrated as follows:

| | |
|---|---|
| 2H1.2(a)(2) | 2+ |
| 2H1.3(a)(3) | 2+ |
| 2K1.4(a) | 6 |
| 2K1.4(b)(4) | +7 |
| | 17 |

The plea agreements also stipulated to an increase of two levels for victim vulnerability under U.S.S.G. § 3A1.1, and to a reduction of two levels for acceptance of responsibility under U.S.S.G. § 3E1.1. These stipulations do not increase or decrease the final base offense level of 17 and are not disputed here.

**7.** The Sentencing Guidelines were amended effective November 1, 1989, adding a new guideline, § 2K1.7, which governs the use of fire to commit a federal felony. The defendants were sentenced on November 8, 1989, one week after the amendments took effect. While ordinarily sentences are to be determined based on the sentencing guidelines "in effect on the date the defendant is sentenced," 18 U.S.C. § 3553(a)(4), an amended guideline will not be applied if its effect would be to subject a defendant to an increased sentence. *See Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). Because application of the amended guidelines would have such an *ex post facto* effect in this case, section 2K1.4 remains the applicable guideline for analyzing the defendants' conduct.

**8.** The district court stated, "[i]t is the Court's best judgment that this case does not constitute arson." (R2–11).

appeal. *U.S. v. Goolsby*, 908 F.2d 861, 863 (11th Cir.1990). Under this Court's reading of section 2K1.4, therefore, we find that the district court erred in refusing to apply the base offense level for the use of fire in commission of a federal felony, as an offense underlying the defendants' conspiracy to violate civil rights.

The district court's emphasis upon the fact that the acts of the defendants did not constitute arson per se, apparently derives from the fact that the heading to section 2K1.4 reads "Arson; Property Damage By Use of Explosives." While this title would certainly indicate that the section was intended to cover offenses that fell under the legal definition of arson, nothing in section 2K1.4 or its commentary indicates that it was intended to apply only to such offenses. In fact, section 2K1.4(b)(4) specifically describes the use of fire in the commission of a federal felony, without limiting its description to instances where the use of fire is technically arson. From such clear and unambiguous language we can only conclude that the use of "fire or an explosive to commit another offense that is a felony under federal law," whether or not such use of fire constitutes legal arson, falls under the ambit of section 2K1.4(b)(4). Accordingly, we reverse the district court's finding that section 2K1.4(b)(4) did not apply in computing the defendants' base offense level under the Sentencing Guidelines.

*Applicability of section 2H1.3*

The district court's conclusion that the alternate base offense level of 13 for conspiracy to interfere with civil rights under section 2H1.2(a)(1), should be applied to the defendants' conduct, indicates its rejection of the applicability of section 2H1.3. The district court's order, however, fails to explain exactly why it concluded that section 2H1.3, which governs violations of 42 U.S.C. § 3631(a),[9] did not apply. In order to eliminate any confusion regarding the applicability of section 2H1.3, therefore, we REMAND to the district court for reconsideration of that question.

9. 42 U.S.C. § 3631 makes it unlawful to use force or threat of force to interfere with the

For the foregoing reasons, we hereby REVERSE the decision of the district court that section 2K1.4(b)(4) did not apply to the defendants' conduct. We VACATE the sentences imposed on both defendants and REMAND for reconsideration of the applicability of section 2H1.3 of the United States Sentencing Guidelines and for resentencing with a proper application of the Guidelines.

rights of any person to purchase and occupy a home because of that person's race.