UNITED STATES of America, Plaintiff,

v.

Kenneth Thomas HAYWARD, and William Bradford Krause, Jr., Defendants.

No. 91 CR 25.

United States District Court, N.D. Illinois, E.D.

May 28, 1991.

**1306**

Fred Foreman, U.S. Atty., by Stephen P. Sinnott, Asst. U.S. Atty., Chicago, Ill., Gerard V. Hogan, Trial Atty., Civil Rights Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

George P. Lynch, George P. Lynch, Ltd., Chicago, Ill., for defendant Hayward.

Leland Shalgos, Chicago, Ill., for defendant Krause.

## ORDER

BUA, District Judge.

On the eve of trial, defendants Hayward and Krause move to dismiss Count Four of the indictment.[1] Count Four charges that defendants, aiding and abetting each other and others, used fire to commit the offense of Conspiracy Against Rights (18 U.S.C. § 241) in violation of 18 U.S.C. § 844(h)(1). As grounds for their motion to dismiss, defendants assert that the indictment is multiplicitous in that Count Four charges the same offense as Count One. Defendants also contend that the offense of Conspiracy Against Rights, 18 U.S.C. § 241, is unconstitutional as applied which would effectively require dismissal of Count Four as well as additional counts in the indictment. Last but not least, defendants claim that Count Four fails to charge an offense. After consideration of defendants' claims, the court denies defendants' motion.

## I. Multiplicity

■ The court will begin with defendants' multiplicity claim.[2] Essentially, defendants contend that Count One of the indictment, which charges defendants with the offense of Conspiracy Against Rights, 18 U.S.C. § 241, and Count Four, which charges defendants with the penalty of using fire while committing the offense of Conspiracy Against Rights, 18 U.S.C. § 844(h)(1), are the same. The traditional test of multiplicity involves a determination of "whether each count requires proof of a fact which the other does not." *United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir.1986) (quoting *United States v. Kennedy*, 726 F.2d 546, 547–548 (9th Cir.), *cert. denied*, 469 U.S. 965, 105 S.Ct. 365, 83 L.Ed.2d 301 (1984)); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

■ At first glance, there seems to be merit to defendants' argument. As alleged, it appears that proof of Count Four would necessarily include proof of Count One. However, closer inspection shows that while proof of Count One may be

---

1. Since defendants managed to raise their motion before trial, the court will consider it despite its late filing.

2. Defendants' double jeopardy and cumulative punishment claims will be addressed along with their multiplicity claim since all these claims share the concern of multiple punishments for the same offense.

necessary, it is not sufficient. Count One charges a violation of the offense of Conspiracy Against Rights, 18 U.S.C. § 241. A conspiracy under 18 U.S.C. § 241 is different than conspiracies under other statutes in that no proof of an overt act is necessary to establish the existence of the conspiracy. *United States v. Skillman,* 922 F.2d 1370, 1375–1376 (9th Cir.1990). Indeed, to prove a Conspiracy Against Rights, the government must only show that two or more parties entered into an agreement; that the purpose of their agreement was to injure, oppress, threaten or intimidate; that the agreement was intended to affect inhabitants of a State; and that the agreement was directed towards the free exercise or enjoyment of rights and privileges secured by the Constitution and federal law. *United States v. Redwine,* 715 F.2d 315, 319 (7th Cir.1983), *cert. denied,* 467 U.S. 1216, 104 S.Ct. 2661, 81 L.Ed.2d 367 (1984).

■ On the other hand, an offense under 18 U.S.C. § 844(h)(1) necessarily includes what can loosely be termed an "overt act." To establish a violation of this provision, the government must prove that defendants used fire in the commission of a felony, in this case the felony being a Conspiracy Against Rights. It is not enough that defendants entered into an agreement. They must have taken the additional step of using fire to perpetrate the conspiracy in order to be found in violation of this provision. It is the need for proof of that additional fact—use of fire—which distinguishes the § 844(h)(1) offense from the § 241 offense. And, distinguishes Count Four from Count One. By the criterion of the traditional test, then, defendants' multiplicity, double jeopardy and double enhancement arguments must fail. *See Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975) ("If each [offense] requires proof of a fact that the other does not, the … test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.")

The case before the court differs from that of *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) cited in defendants' Memorandum of Law. In *Simpson,* the Supreme Court took issue with the sentencing of a defendant under both the armed robbery provision, 18 U.S.C. § 2113(a), (d) and the weapon enhancement provision, 18 U.S.C. § 924(c). The Supreme Court reversed the sentence because the defendant received the enhancement included in the armed robbery provision as well as an enhancement under the Gun Control Act. The Supreme Court found that the two enhancements served the same purpose and, therefore, could not both be imposed. *Id.* at 13, 16. In this case, however, the offense of Conspiracy Against Rights, 18 U.S.C. § 241, does not contain an enhancement provision. Only one enhancement has been charged here— the enhancement found in 18 U.S.C. § 844(h)(1).

In fact, an examination of legislative intent supports the conclusion that a § 844(h)(1) charge may be brought in addition to other felony charges. Legislative history reveals that Section 844(h) was intended to "carry over to the explosives area the stringent provisions of the Gun Control Act...." H.Rep. No. 1549, 91st Cong., 2d Sess. 2, *reprinted in* 1970 U.S. Code Cong. & Admin.News 4007, 4046. The Gun Control Act provides for an additional sentence of an indeterminate number of years if a firearm is used in the commission of certain crimes. Conf.Rep. No. 1956, 90th Cong., 2d Sess. 3, *reprinted in* 1968 U.S.Code Cong. & Admin.News 4410, 4431. The carry-over of this added sentence to the use of explosives or fire is reflected in the current terms of § 844(h) which require that any sentence imposed under § 844(h) run consecutively with any other term of imprisonment. It can be inferred, then, that Congress intended to permit the charging of a § 844(h)(1) offense as well as other felony offenses.

II.   Constitutionality of 18 U.S.C. § 241

■ The court turns to defendants' second ground. Defendants claim that 18 U.S.C. § 241 is unconstitutional as applied in this case. Not only do defendants challenge Count Four with this assertion, they

also call into question the validity of Counts One and Five. Defendants' challenge is premised on their reading of 18 U.S.C. § 241 as providing for, in this case, a felony conviction where the substantive offense is merely a misdemeanor.

This reading, however, is flawed. If defendants were attacking a charge under 18 U.S.C. § 371, they would be correct in asserting that the sentence for a conspiracy to commit a misdemeanor could not exceed the maximum sentence of the underlying misdemeanor offense. But, a conspiracy under 18 U.S.C. § 241 is a different story. 18 U.S.C. § 241 stands as a felony in its own right.[3] Unlike § 371, § 241 is not dependent on a substantive offense to establish the parameters of the conspiracy. Rather, the offense is explicitly set out in the statute. A Conspiracy Against Rights prohibits a conspiracy or agreement to injure, oppress, threaten or intimidate any person in any State in the free exercise or enjoyment of rights secured by the Constitution or federal laws. As pointed out by Judge Posner in *United States v. D'Antoni*, 874 F.2d 1214, 1221 (7th Cir.1989), 18 U.S.C. § 241 is a "special conspiracy statute with suitably severe penalties."

It may be that defendants are referring to the underlying rights protected by the statute as "substantive offenses." However, even if violations of those rights were only punishable as misdemeanors, the rights would still receive protection under § 241. The statute is clear that there is no limit to the rights or privileges under the Constitution and federal law which can receive statutory protection under § 241. The express terms of the statute prohibit conspiracy to interfere with the "free exercise or enjoyment of *any* right or privilege ..." 18 U.S.C. § 241. "It is clear ... that § 241, from original enactment through subsequent codifications was intended to deal ... with conspiracies to interfere with 'Federal rights and with *all* Federal

rights.' " *United States v. Price*, 383 U.S. 787, 803, 86 S.Ct. 1152, 1161, 16 L.Ed.2d 267 (1966) (emphasis added). For these reasons, this ground, too, must fail.

### III. Failure to Charge an Offense

■ Defendants' last ground is their claim that Count Four fails to state an offense. To charge a violation of 18 U.S.C. § 844(h)(1), the government must allege use of fire or an explosive in the commission of a felony. Here, the government has alleged the use of fire, namely, the burning of a cross, to perpetrate a violation of the felony offense of Conspiracy Against Rights. Therefore, the elements of the 18 U.S.C. § 844(h)(1) offense have been properly alleged. Count Four charges an offense. This ground also fails.

### CONCLUSION

The court finds that the grounds underlying defendants' challenge to Count Four do not support dismissal. Accordingly, defendants' motion to dismiss Count Four is denied.

IT IS SO ORDERED.

---

3. A conspiracy defined as a felony is not a new concept. Legal history contains many references to a conspiracy designated by statute as a felony. *See, e.g., Callanan v. United States*, 364 U.S. 587, 589, 81 S.Ct. 321, 322, 5 L.Ed.2d 312 (1961) (merger of conspiracy with completed felony which was its object did not apply where "conspiracy was defined by statute as a felony"); *United States v. Hunter*, 478 F.2d 1019, 1023 n. 8 ((7th Cir.1973) (under early common law, merger did not apply where the conspiracy was defined by statute as a felony)), *cert. denied*, 414 U.S. 857, 94 S.Ct. 162, 38 L.Ed.2d 107 (1973).