**UNITED STATES of America, Plaintiff,**

v.

**Kenneth Thomas HAYWARD and William Bradford Krause, Jr., Defendants.**

**No. 91 CR 25.**

United States District Court, N.D. Illinois, E.D.

Aug. 26, 1991.

Nunc Pro Tunc Aug. 26, 1991.

Fred Foreman, U.S. Atty. by Stephen P. Sinnott, Asst. U.S. Atty., Chicago, Ill., Gerard V. Hogan, Trial Atty., Civil Rights Div., U.S. Dept. of Justice, Washington, D.C., for the U.S.

George P. Lynch, George P. Lynch, Ltd., Chicago, Ill., for defendant Kenneth Thomas Hayward.

Leland Shalgos, Chicago, Ill., for defendant William Bradford Krause, Jr.

### ORDER

BUA, District Judge.

After a nine-day jury trial, defendant Kenneth Thomas Hayward was found guilty of having violated 18 U.S.C. § 241, 42 U.S.C. § 3631(b) and 18 U.S.C. § 844(h)(1). Defendant William Bradford Krause was found guilty of having violated those same provisions along with violating 18 U.S.C. § 1512(b)(1) and 18 U.S.C. § 924(c)(1). Defendants Hayward and Krause now bring a joint motion for judgment of acquittal notwithstanding the verdict or, in the alternative, for a new trial. They have also filed a motion seeking to dismiss the indictment due to prosecutorial misconduct. Defendant Hayward further requests that the court reconsider its decision to detain him pending sentencing. For the reasons stated below, the court denies defendants' motions.

### MOTION FOR ACQUITTAL OR NEW TRIAL

Defendants raise a whole slew of grounds in support of their motion. Unfortunately, defendants do no more than proffer a perfunctory argument for each and then move on to the next. Nevertheless, the court has considered their arguments. The court finds that defendants' motion for acquittal or a new trial should be denied.

**I. Count Four—18 U.S.C. § 844(h)(1)**

Many of the grounds asserted by defendants were raised at different times

before and during trial. This claim is no exception. Defendants argue that an 18 U.S.C. § 844(h)(1) offense was improperly charged in the present case since the facts do not add up to an arson-type offense. As the court expressed in its ruling on defendants' Motion for a Directed Verdict, it finds that the § 844(h)(1) offense was properly charged on these facts.

Defendants base their argument on the legislative history behind the provision. In support, they cite *United States v. Lee*, 935 F.2d 952 (8th Cir.1991) in which that court relied on legislative history for its finding that 18 U.S.C. § 844(h)(1) is not a proper charge for a cross-burning where there has been no damage to persons or property by the use of fire. *Id.* at 958.

Defendants' suggested analysis, though, puts the cart before the horse. "Where ... resolution of a question of federal law turns on a statute and the intention of Congress, we look first to the statutory language and then to the legislative history if the statutory language is unclear." *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). The court finds it unnecessary to consult legislative history here since the language of the statute is clear. 18 U.S.C. § 844(h)(1) is unequivocal on its face that it prohibits persons from using fire to commit any felony which may be prosecuted in the courts of the United States. There are no limiting clauses in the statute to suggest that § 844(h)(1) only applies to arson-type offenses or circumstances involving the destruction of property. In fact, a reading of the entire statute would argue against such a limited interpretation. The very next provision in the statute, § 844(i), prohibits persons from using fire to maliciously damage or destroy property. If § 844(h)(1) were read in the manner suggested by defendants, the two provisions would be virtually the same.

In *United States v. Worthy*, 915 F.2d 1514 (11th Cir.1990), the Eleventh Circuit came to the same conclusion in interpreting the sentencing guideline section which formerly applied to § 844(h)(1). The court found that there was nothing in the language of that section (the former terms of the section and the current terms of the statutory provision are the same) to indicate that it was intended to apply only to arson offenses. "From [the] clear and unambiguous words [of the section] we can only conclude that the use of 'fire or an explosive to commit another offense that is a felony under federal law' ... falls under the ambit [of the section]" "whether or not such use of fire constitutes legal arson." *Id.* at 1517; *accord United States v. Long*, 935 F.2d 1207, 1212 (11th Cir.1991). For these reasons, defendants' argument fails.

### II. Count One—Sufficiency of the Evidence

Defendants next claim that the evidence linking the two cross-burning incidents was insufficient to support the Count One conspiracy conviction. The court disagrees. In a sufficiency of evidence challenge, the court must consider the evidence in the light most favorable to the government. *United States v. Jeffers*, 520 F.2d 1256, 1269 (7th Cir.1975), *cert. denied*, 423 U.S. 1066, 96 S.Ct. 805, 46 L.Ed.2d 656 (1976). The evidence in this case shows that the two cross-burnings were part of one conspiracy. Both cross-burnings were directed at the same home. As the jury found, the aim of the two cross-burnings was to intimidate the residents of the home and to interfere with their right to associate with persons of another race. Defendant Krause was a participant in both the first and second cross-burnings. Although defendant Hayward did not act in the first cross-burning, evidence submitted at trial showed that he knew about the first cross-burning and was aware of its purpose. He later participated in the second cross-burning. The common purpose and cast of characters of the two cross-burnings place them in the same conspiracy.

### III. Motion to Suppress

Defendants reiterate their argument that the .22 caliber semi-automatic pistol recovered from Susan Hayward, defendant Hayward's wife, should have been suppressed along with any statements she might have

made. The court ruled in *United States v. Hayward*, No. 91–25 (N.D.Ill. April 25, 1991) (1991 WL 64233) that defendant Hayward lacked standing to bring such a claim. That ruling remains unchanged.

## IV. Multiplicity of Counts One and Four

Defendants raised the same multiplicity argument in their Motion to Dismiss Count Four. The court rejected the argument then (*United States v. Hayward*, 764 F.Supp. 1305, 1307 (N.D.Ill.1991)) and rejects it now.

## V. Count Four—Failure to Charge an Offense

It has already been established that the government properly set out the elements necessary to charge an offense under 18 U.S.C. § 844(h)(1). *See Hayward*, 764 F.Supp. at 1308. That decision need not be revisited.

## VI. Motion for Severance

Defendants next challenge the court's denial of defendants' motion to sever counts or, in the alternative, to sever defendants. Defendants contend that Counts Six and Seven never should have been tried with the other counts in the indictment. Under Fed.R.Crim.P. 8(a), two or more offenses may be charged in the same indictment where the offenses are of the same or similar character; are based on the same act or transaction; or are two or more acts connected together or constituting parts of a common scheme or plan. Counts Six and Seven were properly joined in this indictment since they were part of a common scheme or plan. The acts in those counts were committed because of the offenses in Counts One through Four. Any possible spill-over effect was minimized by the court's instruction to the jury, whenever evidence of Counts Six and Seven arose, that the evidence was to be considered only against defendant Krause, not defendant Hayward. The jury instructions also contained this admonition. Severance of counts, therefore, was not necessary.

In addition, defendants asked for separate trials. Fed.R.Crim.P. 8(b) allows two or more defendants to be charged in the same indictment if they are alleged to have participated in the same series of acts or transactions constituting an offense or offenses. Defendants challenged their joinder claiming that their defenses were incompatible. "[S]uch a claim will only justify severance if the defenses 'conflict to the point of being irreconcilable and mutually exclusive,' (citations omitted) 'so that acceptance of one defendant's defense will preclude the acquittal of the other defendant.'" *United States v. Bruun*, 809 F.2d 397, 407 (7th Cir.1987) (citations omitted). That was not the case here. Prior to trial, defendant Hayward was unable to identify how the defenses were incompatible because of defendant Krause's attorney-client privilege. Therefore, the court had no basis for ordering a severance. At trial, Hayward's concern never arose. The two defendants did not point a finger at the other to avoid culpability. Instead, they both attempted to pin the blame on the government's witnesses. Thus, the court cannot conclude that one defendant's defense precluded the acquittal of the other. Nor can the court find that the actual conduct of one defendant's defense was unduly prejudicial to his co-defendant. Severance of defendants was also unnecessary.

## VII. Motion to Excuse Juror for Cause

A juror is the next subject of attack. Defendants claim that juror Washington should have been excused for cause. Because the court did not excuse him, defendants maintain that they were forced to use a peremptory challenge which they had intended to use for another juror. During voir dire, prospective juror Washington expressed that he was troubled by the use of racially derogatory terms. Upon questioning by the court, however, Washington stated that he could put his feelings aside, apply the law as given, and reach a fair and impartial verdict based on the evidence at trial. "Where a venireman can lay aside any preconceptions about the case and try it solely on the evidence presented in court, excuse of the venireman for cause is not required." *United States v. Johnson*, 584

F.2d 148, 155 n. 16 (6th Cir.1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1240, 59 L.Ed.2d 469 (1979).

Moreover, defendants have not shown actual bias or prejudice arising from the denied challenge for cause and their "forced" use of a peremptory challenge. Defendants merely assert that they were unable to strike another juror. They have not provided any factual basis demonstrating prejudice such as the name of the juror they would have excused or any evidence that the unexcused juror was biased. Therefore, this ground is dismissed.

## VIII. Cross–Examination

Defendants also claim that the court wrongly limited their ability to cross-examine witnesses about the alleged misconduct of law enforcement personnel. Contrary to defendants' claims, such testimony was allowed, at least to the extent that it affected witness credibility. In fact, the court even instructed the jury that they could consider questions and comments made by defendants' attorneys pertaining to alleged governmental misconduct to the extent that the material bore on the credibility of witnesses. Any broader inquiry into the existence of prosecutorial misconduct was not the province of the jury, but was more properly left to the court to be decided as a matter of law. *United States v. Swiatek,* 819 F.2d 721, 726 (7th Cir.), *cert. denied,* 484 U.S. 903, 108 S.Ct. 245, 98 L.Ed.2d 203 (1987).

## IX. Cross–Examination of Thomas Miller

Defendants also challenge the limitations imposed on their cross-examination of witness Thomas Miller. Defendants contend that they should have been allowed to question Miller about a prior conviction in state court for unlawful use of a weapon in order to show lack of credibility as well as bias. However, the prior conviction could not have been introduced for purposes of attacking credibility because the conviction was a misdemeanor offense that did not involve dishonesty or false statement. Fed.R.Evid. 609(a). The bias argument is flawed as well. There is no reason to believe that Miller would receive some benefit in connection with his prior conviction in return for his testimony in this case. Defendants hypothesize that the government might have promised not to tell state authorities about Miller's new offense in order to avoid revocation of his supervision sentence from the prior conviction. Defendants' argument is unrealistic. Federal authorities do not have a corner on information pertaining to Miller's present offense; it is a matter of public record. The government could not even make a promise of secrecy. Defendants' arguments are rejected.

## X. Motion in Limine

Defendants take issue with the court's ruling that defendants could not present evidence bearing on the nature of the tenants in the home and the status of their tenancy. The court stands by its ruling that such information was not relevant to the charges at issue in the trial.

## XI. Counts One, Two, Three, Four, Five— Limits on Expression

Defendant also make the sweeping claim that most of the counts violated their rights of expression. Here is where defendants' omission of argument is most glaring since they provide no legal basis for their assertions. Of the counts that defendants challenge, Counts One, Four and Five involve 18 U.S.C. § 241, Conspiracy Against Rights. The court rejects any free speech challenge to § 241. The Eighth Circuit recently considered this very issue and found that a cross-burning charge under 18 U.S.C. § 241 is not barred by the First Amendment. *Lee,* 935 F.2d at 956. Section 241 was upheld as a content neutral statute which has as its purpose preventing conspiracies designed to threaten or intimidate others in the enjoyment of their federal rights. *Id.* at 955. The Eleventh Circuit found that Section 241 furthered an important and substantial government interest while being narrowly tailored to serve its purpose. *Id.* The court agrees and finds that § 241 does not violate the First Amendment.

As for the other counts—Counts Two, Three, and Four (defendants also appear to be challenging the use of fire element in Count Four as a restriction of free speech), the court finds that the statutes in these counts cannot be considered unconstitutional restrictions on defendants' rights of expression. In reaching this conclusion, the court follows the analysis set forth in *Texas v. Johnson*, 491 U.S. 397, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989). First, it must be determined whether defendants' actions in this case constituted expressive conduct. *Id.* 109 S.Ct. at 2538. The court assumed in *Lee* that the cross-burning contained elements of expressive conduct. *Lee*, 935 F.2d at 954. The same conclusion can be drawn in this case. Defendants were allegedly expressing their feelings towards the persons living in the residence by burning the cross. And, the message was certainly one the intended audience could understand.

Next, the purpose behind the government's regulation must be considered. Did the government seek to regulate defendants' actions for reasons other than the content of their speech? If so, a lesser standard of scrutiny can be applied. *Johnson*, 109 S.Ct. at 2538. The court finds that 42 U.S.C. § 3631(b) and 18 U.S.C. § 844(h)(1) are, in fact, content neutral statutes. "The test is ... whether the regulation is justified without reference to the content of the regulated speech." *United States v. Eichman*, 731 F.Supp. 1123, 1129 (D.D.C.), *aff'd*, —— U.S. ——, 110 S.Ct. 1779, 108 L.Ed.2d 780 (1990). On their face and at their core, these statutory provisions forbid actions for reasons other than content of any speech which might be involved. 42 U.S.C. § 3631(b) prohibits the use of force or threat of force to injure, intimidate, or interfere with persons because of their habitation with those of another race. The purpose of the statute is not to discriminate against a certain viewpoint, but to prohibit any action, including speech, which intimidates or injures. Thus, this provision is content-neutral. *See Lee*, 935 F.2d at 954–955; *CISPES (Committee in Solidarity with the People of El Salvador) v. F.B.I.*, 770 F.2d 468, 474 (5th Cir.

1985) (18 U.S.C. § 112 which prohibits activity undertaken to intimidate, coerce, threaten or harass foreign officials does not "discriminate on the basis of the content of expression"). Nor does 18 U.S.C. § 844(h)(1) regulate speech based on its content. The statute prohibits the use of fire in connection with any activity constituting a federal felony regardless of the type of speech involved.

Therefore, the court moves to the last step in the analysis. The government must have an important and substantial interest in regulating the speech and the regulation must be narrowly tailored to serve that governmental interest. *CISPES*, 770 F.2d at 474–475. 42 U.S.C. § 3631(b) only prohibits those actions and words which injure or intimidate in order to protect the rights of persons dwelling with those of another race. And, 18 U.S.C. § 844(h)(1) was drawn to deter persons from using fire when committing an act which is illegal under federal law, thus ensuring the welfare and safety of the public. The court finds these to be important reasons that are enforced through narrowly drawn statutes. Accordingly, the court finds that defendants' rights of expression have not been unconstitutionally restricted by the statutes underlying Counts One, Two, Three, Four and Five of the indictment.

## XII. Jury Instructions

Defendants' remaining challenge is to the jury instructions. In particular, defendants claim that the court erred in not using the instructions defendants proffered for Count Four. A look at defendants' instructions for Count Four shows that the instructions advance the theory that damage to buildings or property is required in order to find a violation of 18 U.S.C. § 844(h)(1). The court disagreed with that argument and, therefore, rejected the corresponding jury instructions. As for the remainder of the instructions, the court has no way of knowing which instructions offended defendants. Thus, the court cannot tell whether defendants objected to these instructions and specifically stated the grounds for their objection. If they ne-

glected to do so, they are now barred from assigning them as error. Fed.R.Crim.P. 30.

Since the court has rejected all the grounds which defendants have proffered in support of their motion for acquittal notwithstanding the verdict or a new trial, the court denies defendants' motion.

## MOTION TO DISMISS INDICTMENT

■ Ever persistent, defendants next seek to dismiss the indictment due to alleged prosecutorial misconduct. "[G]overnmental misconduct must be truly outrageous before due process will prevent conviction of the defendant." *United States v. Kaminski,* 703 F.2d 1004, 1009 (7th Cir.1983). It is defendants' contention that "the government engaged in deceitful, misleading, abusive, and threatening conduct for purposes of tailoring witnesses' testimony to support the government's version of the events." (Motion to Dismiss the Indictment Due to Prosecutorial Misconduct in its Investigation at 1.) Defendants particularly target the government's contacts with witnesses Rich Lawler, Scott Haga, Tom Hagen and Jeff Remick. After reviewing the transcripts submitted by defendants, the court cannot find that the government's conduct towards these witnesses was prosecutorial misconduct requiring dismissal of the indictment. The government admits that it exerted pressure on the witnesses to make them testify before the grand jury and at trial. The court, though, finds insufficient evidence to support defendants' conclusory allegations that the witnesses were threatened or coerced. By the witnesses' own admissions to defense counsel and their investigator, the government's pressure primarily consisted of reminding the witnesses of their obligation to appear before the grand jury and testify truthfully. (Motion to Dismiss Indictment, Group Exhibit One at 10, 12–14, 18–19, 29, 33, 35, 36.) There is nothing

wrong with the government informing witnesses of the consequences of breaking the law. *See United States v. Holloway,* 778 F.2d 653, 657 (11th Cir.1985) (prosecutor may inform witness that he would be subject to prosecution for lying to the grand jury), *cert. denied,* 476 U.S. 1158, 106 S.Ct. 2276, 90 L.Ed.2d 719 (1986).

■ Nor is there any evidence that the witnesses, in fact, testified untruthfully before the grand jury because of the government's "threats." The witnesses certainly did not testify untruthfully during trial in support of the government's version of the events. On the contrary, these witnesses bent over backward to help establish the case for the defense. Given the substance of the government's actions and the lack of prejudicial effect, the court cannot find that the government engaged in the type of outrageous conduct that would warrant dismissing the indictment. *See United States v. Johnson,* 565 F.2d 179, 182 (1977) (agent's loss of temper and his cursing of defendant was not outrageous conduct based on the circumstances).[1]

## MOTION TO SET ASIDE THE DETENTION OF KENNETH HAYWARD

■ Last, defendant Hayward seeks to have the court reconsider its decision to detain him pending sentencing. Hayward appears to be under the mistaken impression that the court detained him because of an incident involving Tom Hagen. In fact, the court's decision was based on Hayward's inability to rebut the presumption of detention in 18 U.S.C. § 3143(a)(2). Hayward failed to show that there was a substantial likelihood that he would succeed on a motion for acquittal or a motion for new trial. Since the court has again rejected Hayward's arguments in its denial of defendants' motion for acquittal or a new trial (*see supra* at 9–11,) the court finds no

---

1. Defendants further claim that the government was uncooperative prior to trial. Defendants' allegations are unsupported. The court was never informed that the government failed to abide by the court's discovery order. Defendants also cry prosecutorial misconduct in con-

nection with the search of defendant Hayward's home and his subsequent arrest on July 16, 1991. The court finds it unnecessary to address defendants' contentions on this score since those events had no bearing on the indictment, the trial, or any of the court's rulings.

basis for reconsidering defendant Hayward's detention pending sentencing.

## CONCLUSION

For these reasons, the court denies all of defendants' post-trial motions.

IT IS SO ORDERED.